WARNER, J.,
concurring.
When, on the trail of a bill filed to assert and enforce vend- or’s lien for the unpaid purchase-money due for the land sold, the Court was requested in writing to charge the jury, “If they should believe, from the evidence, that defendants bought the land with notice that the purchase money due complainant was unpaid, the fact that O. S- Anthony (being only a security) signed the note with S. W. Anthony to complainant for the purchase-money, did not prevent complainant from having a vendor’s lien on the land,” which charge the Court declined to give, but on the contrary, charged the jury, “That if in fact, complainant *691 made a deed to S. W. Anthony, and took his note for the purchase-money, with O. S. Anthony’s name also thereto, and if the latter was not interested, but a security, complainant had no lien on the land:”
Held, That the mere fact of taking security on the note given for the purchase-money of the land, does not of itself necessarily defeat the vendor’s lien, and that the Court below erred in not charging the jury as requested, and in charging the jury as stated in the record; as the charge as given, withdrew *from the consideration of the jury that part of the evi- . dence, which went to show that the defendants purchased the land with notice that the purchase-money for the land had not been paid at the time of the purchase. The jury should have been allowed to consider and pass upon that evidence, and to have given to it such credit and weight as in their judgment it was entitled to, under the circumstances which attended the transaction between the parties. I also concur in the judgment of reversal, on the ground that the Court below erred in rejecting the evidence of Sanders, as stated in the record.